UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.

KIBBY WELDING, LLC d/b/a KIBBY
WELDING, a limited liability company, and
LOUIS KIBBY, an individual,

      Defendants.

CIVIL ACTION

Case No. 1:09-cv-269

Hon. Paul L. Maloney, Chief
 District Judge
Hon. Joseph G. Scoville,
 Magistrate Judge

---

## CONSENT JUDGMENT

Plaintiff, **HILDA L. SOLIS**, Secretary of Labor, United States Department of Labor, ("Plaintiff") having filed her complaint and Defendants, **KIBBY WELDING, LLC d/b/a KIBBY WELDING**, a limited liability company and **LOUIS KIBBY**, an individual, (hereinafter "Defendants"), hereby appearing by counsel, having answered, and having been duly advised in the premises, and without admitting any of the allegations set forth in the Complaint, agree to the entry of this judgment without contest;

**NOW**, therefore, upon motion of attorneys for Plaintiff and Defendants, and for cause shown, it is hereby:

**ORDERED, ADJUDGED, AND DECREED**, pursuant to section 17 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. § 201 *et seq.*) (hereinafter "the Act"), that the Defendants, their officers, agents, servants, employees, and all persons in

active concert or participation with them be, are hereby, permanently enjoined and restrained from violating the provisions of the Act in any of the following manners.

I

Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than 40 hours, unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rates at which he is employed. Defendants acknowledge that it would be their burden to assert, plead and establish that employees are exempt, upon subsequent challenge.

II

Defendants shall not fail to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act and found at 29 C.F.R. Part 516.

For purposes of this Consent Judgment Defendants shall treat persons hired, engaged or utilized as welders as employees under the Fair Labor Standards Act, but retain the right to hire bona fide independent contractors if they meet the test of "Independent Contractor" under the Fair Labor Standards Act as applied by the applicable federal court.

## III

Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due from the Defendants under the provisions of this judgment or the Act.

## IV

**FURTHER, JUDGMENT IS HEREBY ENTERED,** pursuant to section 16(c) of the Act, in favor of the plaintiff and against the defendants, in the total amount of $ 10,000.

    A.    Defendants **KIBBY WELDING, LLC d/b/a KIBBY WELDING**, a limited liability company and **LOUIS KIBBY**, an individual, shall pay to the plaintiff the sum of $8,211.04, which represents the unpaid overtime compensation hereby found to be due, for the period of March 23, 2007 through January 12, 2010 to the

present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

      **B.**    Defendants **KIBBY WELDING, LLC d/b/a KIBBY WELDING,** a limited liability company and **LOUIS KIBBY,** an individual, shall pay to the plaintiff as liquidated damages the additional sum of $1,788.96, hereby found to be due for the period of March 23, 2007 through January 12, 2010, to the present and former employees named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

V

The provisions of paragraph V of this judgment shall be deemed satisfied by defendants delivering to plaintiff, upon entry of this Order, the following:

      **A.**    A schedule, in duplicate, showing the name, last-known address, social security number, gross amount of wages due, amounts deducted from gross wages for employee's share of social security and withholding taxes, the total net amount of back wages due and amount of liquidated damages for each employee named on Exhibit A, attached hereto and made a part hereof. Said deductions shall be paid by defendants to the appropriate State and Federal revenue authorities; and

      **B.**    Separate certified or cashier's checks for each employee named in Exhibit A made payable to the order of the employee or "Wage and Hour Div., Labor," as alternative payees (*e.g.,* "PAY TO THE ORDER OF JANE DOE or WAGE AND HOUR DIV., LABOR") and equal to the net amount of back wages due employees, after deducting the amount of legal deductions as listed on the schedule referred to hereinabove from the gross amount of back wages, plus the amount liquidated damages

4

for each employee named on Exhibit A. Defendants shall forward the aforesaid checks, along with the schedule described herein by certified mail, to the U.S. Department of Labor, Office of the Solicitor, 230 S. Dearborn Street, Suite 844, Chicago, Illinois 60604.

    C.     Plaintiff shall distribute the proceeds of the checks hereof to the persons named in Exhibit A hereof, or to their estates if that be necessary. Any money not so paid within a period of three (3) years from the date of receipt thereof, because of inability to locate the proper persons or because of their refusal to accept it, shall be covered into the Treasury of the United States as miscellaneous receipts pursuant to 29 U.S.C. §216(c).

## VI

The parties agree that this Consent Judgment expressly includes the settlement terms and that the Court retains jurisdiction of this matter to enforce the terms of the Consent Judgment.

## VII

Exhibit A of Plaintiff's complaint is hereby amended to remove the names of Joe Birgy, Kenneth Denike, Matt Denike, Bob Luton, William Payionk, Brian Sehl and Brian Witowski. Plaintiff dismisses without prejudice any back wage claim in this action with respect to these individuals and any rights these individuals may have under section 16(b) of the Act are hereby reinstated to March 23, 2009, the date this action was filed. Defendants do not waive any defenses to any claims by these individuals.

## VIII

FURTHER, it is agreed by the parties herein and hereby **ORDERED** that each party bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding to date with no costs, including, but not limited to, any and all costs referenced under the Equal Access to Justice Act, as Amended.

Dated  April 28 , 2010.

/s/ Paul L. Maloney
JUDGE PAUL L. MALONEY,
CHIEF UNITED STATES DISTRICT COURT JUDGE

| | |
|---|---|
| **KIBBY WELDING, LLC d/b/a** **KIBBY WELDING, a limited liability corporation** | **M. PATRICIA SMITH** Solicitor of Labor |
| By _[signature]_ | **JOAN E. GESTRIN** Regional Solicitor |
| Its  Owner (Title of officer) | _[signature]_ **EMELDA MEDRANO** Trial Attorney |
| _[signature]_ **LOUIS KIBBY,** an Individual, defendant, | Attorneys for **HILDA L. SOLIS** Secretary of Labor, United States Department of Labor, Plaintiff |
| _[signature]_ **KEITH E. EASTLAND**  (P66392) Miller Johnson 250 Monroe Avenue, NW Suite 800 Grand Rapids, Michigan 49501-0306 (616) 831-1749 | Office of the Solicitor U. S. Department of Labor 230 S. Dearborn Street, 8th Floor Chicago, Illinois 60604 (312)353-1169 |

*Amounts due for Wage and Hour Investigation*
<u>*Period March 23, 2007 through the January 12, 2010*</u>

| Name | Gross Wage Amount Due | Liquidated Damages | Total Gross Due |
|---|---|---|---|
| Steve Birtles | 359.67 | 78.33 | 438.00 |
| Nick Crim | 73.22 | 15.94 | 89.16 |
| Randy Elkins | 2,283.09 | 497.26 | 2,780.35 |
| Melbert Gehringer | 2,483.70 | 540.95 | 3,024.65 |
| Josh Smith | 2,974.33 | 647.81 | 3,622.14 |
| Tony Verstrat | 37.03 | 8.67 | 45.70 |
| **TOTAL** $ | **8,211.04** + | **$ 1,788.96** = | **$10,000** |